JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Homayra Medero; Freddie José Zayas; Conjugal Partnership Medero-Zayas

## DEFENDANTS

John Roman;Jennifer Vargas;Officer López;Lt. Santiago;Officer Cruz; Lieutenant Bernabe;José Pérez Falcón;Migdalia Santiago Torres; Officer González;Daisy Rosario;José Figueroa Sancha

**(b)** County of Residence of First Listed Plaintiff    Puerto Rico
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Puerto Rico
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Melendez & Miguel Cuadros, 410 Park Ave, 15th Floor, Suite # 1223, New York, NY 10022 (718)725-7387

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983,  42 U.S.C. § 1985 ; 4th, 5th, 8th, 14th Amendments US Constitution

Brief description of cause:
Abuse of process, abuse of power, illegal seizure, due process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
3,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
02/24/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/William E. Melendez

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   Melendez, William, E.

USDC-PR Bar Number:   226902

Email Address:   we.melendez@e-lex.us

1.   Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:   Medero-Diaz, Homayra

   Defendant:   Roman, John

2.   Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3.   Indicate the title and number of related cases (if any).

   N/A

4.   Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☒ Yes
   ☐ No

5.   Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6.   Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:   2/24/11

rev. Dec. 2009

Print Form     Reset Form

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Homayra Medero;<br>Freddie José Zayas;<br>Conjugal Partnership Medero-Zayas;<br><br>        Plaintiffs<br>           v.<br>John Roman;<br>Jennifer Vargas;<br>Officer López (first name unkwown);<br>Lieutenant Santiago (first name unkwown);<br>Officer Cruz (first name unkwown);<br>Lieutenant Bernabe (first name unkwown);<br>José Pérez Falcón;<br>Migdalia Santiago Torres;<br>Officer González (first name unkwown);<br>Daisy Rosario;<br>José Figueroa Sancha;<br>John Doe, Richard Roe, Freddie Moe, all of which are fictitious names representing employees, contractors or agents of the Puerto Rico Police Department, whose identities are unknown at this time<br>        Defendants | CIVIL No. 11-_____<br><br>**42 U.S.C. § 1983**,<br>**42 U.S.C. § 1985**,<br>**TORTS**,<br>**TRIAL BY JURY** |

## COMPLAINT

TO THE HONORABLE COURT:

Now come all Plaintiffs, through the undersigned attorneys, and respectfully allege and pray as follows:

### I.   INTRODUCTION

**1.** This is an action for assault and battery, false arrest, abuse of power and related violations of the constitutional rights of Plaintiffs, by defendants. The claims, filed on behalf of Mrs. Homayra Medero, her husband Freddie José Zayas, their conjugal partnership, and their children, arise from the acts and omissions of defendants, when all throughout the time

period starting on September, 2008, and until the present day, they instigated unjustified criminal prosecution against plaintiffs with malice and without probable cause, and further subjected them to privacy violations. Defendants conduct in abuse of power and abuse of process, including but not limited to filing of false police reports, has led to the false arrest and incarceration of Plaintiff Medero.

2. Plaintiffs also file this action against the Bayamón Area Commanders, and Superintendents of the Puerto Rico Police Department (**P.R.-P.D.**) during all times relevant to this complaint, all of whom they allege were deliberately indifferent to their rights and caused the damages alleged, due to their failure to adequately supervise, evaluate, discipline, assign and/or monitor the police officers directly involved in the unlawful conduct causing damages to Plaintiffs. Plaintiffs also bring this action against as yet unidentified other persons, employees and agents of the P.R.-P.D., whose actions and omissions were taken in deliberate indifference to their rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

3. Co-defendants' actions deprived Plaintiffs of their due process rights, subjected them to cruel and unusual punishment, as well as to unreasonable seizures.

## II.   JURISDICTION

4. This action is brought pursuant to **42 U.S.C. § 1983**, as it pertains to deprivation of rights under color of state law.

5. This action is brought pursuant to **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

6. This action is brought pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

7. Jurisdiction is founded upon **28 U.S.C. §§ 1331**, **1343** and the aforementioned statutory provisions. Plaintiffs further invoke the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

8. This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

### III. <u>PARTIES</u>

9. Plaintiffs Homayra Medero and Freddie José Zayas are citizens of Puerto Rico.

10. Minors identified as FJZA, YMNM, SMZM, JAZM, and JZM are the children of plaintiffs Medero and Zayas.

11. Named defendants were at all times relevant to this complaint police officers of the Commonwealth of Puerto Rico Police Department (P.R.-P.D.) assigned to the Bayamón Area.

12. The aforementioned defendants directly caused the injuries to plaintiffs, and the violation of their civil rights, when

they unlawfully instigated criminal proceedings against Plaintiff Medero. Supervisory defendants also caused injury to plaintiffs by their actions and omissions in failing to prevent other defendants from using excessive force, and falsely prosecuting, arresting, and incarcerating Plaintiffs.

13. Defendants were at all times relevant to the complaint respectively Directors and the Area Commanders for the P.R.-P.D., and thus charged with the responsibility of supervising the actions of police officers directly interacting with Plaintiff Medero. On information and belief, these officers failed in their duty to supervise, evaluate, monitor, assign and discipline such agents, or otherwise assure that they would not represent a danger to citizens such as Plaintiffs, proximately causing the injuries alleged herein.

14. Defendants John Doe, Richard Roe, Freddie Moe were at all times relevant to this complaint employees or agents of the P.R.-P.D., charged with monitoring, supervising, evaluating, assigning, disciplining and administering or otherwise processing complaints within the complaint system of the P.R.-P.D., and failed in these duties with respect to defendants directly injuring Plaintiffs. These defendants, whose identity is unknown to the plaintiffs at this time, proximately caused the injuries alleged herein by their deliberately indifferent actions and omissions with respect to the aforementioned duties and due to their failure to adequately identify, monitor and sanction and assign these officers, whose

dangerous   tendencies   and   behaviors   led   to   the   events
complained of herein.

15. At all times relevant to this complaint, all defendants were
acting   under   color   of   the   law   of   the   Commonwealth   of   Puerto
Rico.

16. Defendants are all sued in their personal capacities.

### IV.   FACTUAL ALLEGATIONS

17. On or around September, 2008, plaintiff Medero became aware
that   her   minor   daughter,   identified   by   SMZ,   had   come   into
contact   with   internet   addresses   which   hosted   material   of
sexually   explicit   content,   generally   suitable   for   an   adult
audience. Upon further investigation, Medero determined that
the   source   of   the   objectionable   material   was   another   minor,
identified   by   KF,   who   happens   to   be   the   stepdaughter   of
defendant and P.R.-P.D. officer John Roman.

18. Medero proceeded to initiate a dialogue with Roman regarding
both   children's   behavior   directly   at   the   P.R.-P.D.   station
with   geographical   competence   over   her   neighborhood,   Bayamón
Sur,   and   where   Roman,   as   a   member   of   said   community,   also
happens to be on detail.

19. Medero's bringing the above issue to the attention of Roman
caused her and her family to be repeatedly victimized by the
hostility,   ridicule,   obscene   and   disparaging   remarks   proffered
by   several   members   of   the   Román-Fontán   household,   including
not   only   minors,   but   officer   Roman,   as   well.   The   above
hostility   escalated   to   the   point   where   Plaintiffs   residence

was vandalized by thrown objects, such as paint and glass bottles or containers.

20. In response, on or around November 25th, 2008, Medero filed a complaint, number 2008-7-211-15606, at the Bayamón Sur P.R.-P.D. station, with officer Jennifer Vargas, badge number 31814. No further action was taken by officer Vargas, or anyone else in the station regarding the complaint.

21. The hostile, harassing, and vandalizing conduct perpetrated by members of the Román-Fontán household against Plaintiffs continued unabated. Due to the P.R.-P.D.'s inaction regarding her initial complaint, on or around January, 2009, Medero filed a second complaint at the Bayamón Sur P.R.-P.D. station, with officer López, badge number 29737. No further action was taken by officer López, or anyone else in the station regarding the complaint.

22. The above conduct victimizing Plaintiffs continued to escalate indefinitely. Medero followed through by filing yet another complaint at the Bayamón Sur station, which she submitted this time in writing, and handed over to an officer of higher rank, Lieutenant Santiago. Although Medero requested a copy of said written complaint, her request was denied by Santiago. No further action was taken by Lieutenant Santiago, or anyone else in the station regarding the complaint.

23. On or around January 15th, 2009, starting around noon, and uninterruptedly all throughout the afternoon until around 6:00 PM, YMNM, received insulting and threatening messages on her

cell phone. YMNM later determined that the source of the offending messages came from a cell phone in possession of LF, another minor member of the Román-Fontán household.

24. Medero, highly distressed, called the Bayamón Sur station, requesting that a patrol car be send to take her complaint regarding the incident. As no patrol car was forthcoming, Medero repeatedly call back the station, to no avail. After the course of several hours, a patrol car did finally show up. However, instead of interviewing and taking Medero's complaint, the arriving officer – Officer Cruz, badge number 31626 – stopped instead by the Román-Fontán residence, and took a complaint – number 2009-7-211-2408 – against the victim of the incident, YMNM, as opposed to against the offending party, LF.

25. Not until he was challenged by Medero as to how was it possible for LF, as the offending party, to end up as the complainant, did Officer Cruz issue a second cross-complaint – number 2009-7-211-2406 – between YMNM and LF. No further action was taken by Officer Cruz, or anyone else in the station regarding the complaint.

26. Medero escalated the issue to Lieutenant Bernabe. Lieutenant Bernabe's only contribution consisted in re-assigning the case to Officer José Pérez Falcón, badge number 22175. No further action was taken by Officer José Pérez Falcón, or anyone else in the station regarding the complaint.

27. Medero continued to diligently follow up with the above Officers, to no avail, while she and her family continued to be repeatedly victimized by the hostility, ridicule, obscene and disparaging remarks proffered by several members of the Román-Fontán household, which by that time had escalated to include dead threats and threats of other violent acts.

28. Medero filed yet another complaint, this time with Officer López, who had previously taken an earlier complaint based on the same pattern of conduct.

29. On February 16th, 2009, Medero sought and obtained a protective order against the Román-Fontán clan, from Judge Rafael Villafañe, number LA-2009-146. The parties appeared before the court on July 22nd, 2009. Officer Cruz appeared supposedly as a charge witness against LF, but surprisingly recanted his testimony and the documentary evidence he carried with him at the hearing, and proffered testimony which in fact portrayed YMNM as the charged party, and LF as the victim.

30. As Medero exited the court room to secure counsel for YMNM, and YMNM followed behind her, court marshal Migdalia Santiago Torres, LF and her mother, Ana Fontán, assaulted and physically restrained YMNM. As Medero tried to free YMNM from such restraint, both YMNM and Medero were handcuffed, placed under arrest, and sent to separate withholding cells. Migdalia Santiago Torres then falsely filed formal assault and criminal contempt charges against Medero, for which she was incarcerated for nine (9) days at a correctional facility.

31. On September 11th, 2009, Officer González, from the Bayamón Norte station, served on Medero, through her husband, a summons to appear in court to face assault charges against Migdalia Santiago Torres on September 15th, 2009. The charge witness against Medero was Officer Daisy Rosario, badge number 32574, who was not present the day on which the alleged assault occurred, July 22nd, 2009.

## V.   FIRST CAUSE OF ACTION

32. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

33. The actions and omissions described herein constitute an illegal seizure of a person, an excessive use of force, false arrest, a violation of due process, and cruel and unusual punishment, in violation of the United States Constitution and actionable pursuant to **42 U.S.C. § 1983**.

34. Defendants respond jointly and severally to the plaintiffs for these violations, entitling plaintiffs to an award of compensatory damages, costs, interests and attorney fees.

35. Given the wanton and malicious actions and omissions as described herein, the plaintiffs are entitled to an award of punitive or exemplary damages.

## VI. SECOND CAUSE OF ACTION

36. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

37. The actions and omissions described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto

9

Rico, for which the defendants respond to the plaintiffs in compensatory damages, pursuant to **Article 1802 of the Civil Code of Puerto Rico**. This Court has supplemental jurisdiction to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VII.   THIRD CAUSE OF ACTION

**38.** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**39.** The actions and omissions described herein constitute obstruction of justice, and are actionable pursuant to **42 U.S.C. § 1985**.

## IX. JURY DEMAND

**40.** Plaintiffs demand trial by jury.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the following relief, jointly and severally, against all defendants:

**41.** That this court determine that the actions by all defendants were in violation of the Constitution and laws of the United States and of Puerto Rico;

**42.** That the court award plaintiffs compensatory damages and punitive damages in excess of $3,000,000.00, which request for compensation is made up of the following amounts:

**a)** $1,000,000.00 in compensatory damages for the harm done to Homayra Medero in violation of her constitutional rights;

**b)** $1,000,000.00 in compensatory damages for the harm done to Freddie José Zayas, the Conjugal Partnership Medero-Zayas, due to the actions taken against their wife, and compensation for physical and emotional suffering;

**c)** Punitive damages in excess of $1,000,000.00 due to the malicious and wanton nature of the violations alleged herein.

**43.** That plaintiffs be provided with the costs of this action, as well as statutory attorneys' fees and litigation expenses;

**44.** That the court provide for payment of all applicable interests, including prejudgment interest if indicated;

**45.** That plaintiffs be granted such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**Submitted** in New York, New York, this 24th day of February, 2011.

| | |
|---|---|
| **S/William E. Meléndez Menéndez** <br> **William E. Meléndez Menéndez** <br> USDC PR No. 226902 <br> <br> Attorney for Plaintiffs <br> 415 Park Avenue 15th Floor, Suite # 1233 <br> New York, New York 10022 <br> Tel. (718) 725-7387 <br> We.Melendez@e-Lex.us | **S/Miguel A. Cuadros Pesquera** <br> **Miguel A. Cuadros Pesquera** <br> USDC PR No. 114814 <br> <br> Attorney for Plaintiffs <br> 701 Ponce de León Avenue Suite # 215 <br> San Juan, Puerto Rico 00907 <br> Tel. (787) 725-2652; (787) 722-5347 <br> macuadros@cuad-law.com |