## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HOMAYRA MEDERO, et al | CIVIL NO. 11-01211(FAB) |
| Plaintiffs | |
| v. | JURY TRIAL REQUESTED |
| JOHN ROMAN, et al | |
| Defendants | |

## CO-DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COME NOW**, defendants, Migdalia Santiago Torres, José Pérez Falcón and John Román Schnur, both in their individual and official capacities, and through the undersigned attorney, and respectfully **States, Alleges and Prays**:

### Introduction

### Standard of Ruling on 12(b)(6) Motions

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. *Arroyo-Gonzalez v. Deynes, 2006 U.S. Dist. LEXIS 78312*, citing *Berezin v. Regency Savings Bank,* 234 F.3d 68, 70 (1st Cir.2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. *Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc.*, 68 F.3d 525 (1st Cir.1995). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each

material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). *See Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir.2004).  ("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why")).  The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

In response to an initial pleading, a defendant may file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Arroyo v Hernández Purcell*, 804 F. Supp. 418 (D.P.R. 1992).  The Court's function on a Rule 12 (b) (6) motion is not to weigh the evidence which might be presented at trial but merely to determine whether the complaint itself is legally sufficient. *Flamand v American Intem. Group, Inc.*, 876 F. Supp. 356 (D.P.R. 1994) citing *Fiesta v Local 3 Int'l Bhd. Of Electric Workers, 995 F. 2d 25 (2nd Cir. 1990)*.

When faced with Rule 12 (b) (6) motions, this District Court has held, in the matter of *Carlos Dávila Uviles v RYS International Corporation, et al*, 05-2163, that;

> *Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect atrial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991). Plaintiffs*

are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id. at 23CIVIL NO. 05-2163(JAG) 4 (citing Correa Martinez, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Goolev v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

Additionally, in the matter of Rodríguez v Margo Caribe, Inc., 490 F. 3d 92 (June, 2007), the United States Court of Appeals for the Fist Circuit discussed the leading case of Bell Atlantic Corp. v Twombly, 127 S Ct. 1995 (2007); and argued that,

> [T]he U.S Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief.  In so doing, the Court disavowed the oft-quoted language that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  The Court found that the "no set of facts" language if taken literally, would impermissibly allow for the pleading of a wholly conclusory statement of a claim, and that, after puzzling the profession for 50 years, this famous observation has earned its retirement.

After our discussion and analysis of the current legal standard, we are confident that the court will conclude that the plaintiffs' claims should be dismissed.

### The Pleadings Standard

In the recent Supreme Court opinion of Ashcroft, infra, the High Court clarified the new pleading standards announced in Bell Atlantic Corp. and its burial of the old Conley v. Gibson standard were not just limited to the context of antitrust cases but since such pleading requirements were based on the Supreme Court's interpretation of Fed. Rule of Civ. Proc. 8, such analysis governs the pleading standards in all civil action and proceedings in U.S. District Courts, specifically including 42 USC § 1983 actions like this one, and Bivens

actions. *Aschroft, 556 US ____; 2009 WL 1361536 at p. *11. Ashcroft* recognizes that because vicarious liability is inapplicable to *Bivens* and to § 1983 suits, "**a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution**". *Aschroft, 556 US ____; 2009 1361536 at p. 11* (emphasis added).

The Supreme Court in *Ashcroft* noted that in reference to the required pleading requirements for violations of a clearly established right, a plaintiff "must plead sufficient factual matter to show that the defendants adopted and implemented" the policies at issue not for any neutral reason.

As the Supreme Court recognized in *Ashcroft*, while the pleading standard under Rule 8 may not require "detailed factual allegations," . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation ... **A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."** ... Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." ... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged ... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

Two working principles underlie the decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id ... Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense ... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." ...

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *556 US____; 2009 WL 1361536 at p. 12-13* (emphasis added), *citing, Bell Atlantic Corp.*

To survive the muster under the Ashcroft standard, plaintiffs have the obligation of nudging their claims of "invidious discrimination 'across the line from conceivable to plausible'" *556 US____; 2009 WL 1361536 14, quoting, Bell Atlantic Corp., 550 US at 570.* This Court "must take all the factual allegations in the complaint as true." *Ashcroft*, 2009 WL 1361536, at 13. "Yet we need not accept as true legal conclusions from the complaint or " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.,* at 12 (alteration in original); *Maldonado v. Fontanes, 2009 WL 1547737, p. 1 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations". Bare assertions, such as pleadings that defendants "know of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement ... for no penological interest, amount "to nothing more than a 'formulaic recitation of the elements'" of a constitutional violation claim, and as such the "allegations are conclusory and not entitled to be assumed true". *Ashcroft, 556 US____; 2009 WL 1361536 at p. 14, quoting Bell Atlantic Corp., 550 US at 554-555* (emphasis added). Such conclusory allegations are to be rejected according to the Supreme Court, not "on the ground that they are unrealistic or nonsensical, ... it is the conclusory nature of respondents' allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Ashcroft, 556 US____; 2009 WL 1361536 at p. 14.* Plaintiffs' naked and conclusory allegations pled in the Complaint are not to be assumed as true for the purposes of the foregoing motion to dismiss, and as a result,

the Complaint must be dismissed for failure to state a claim sufficient under the pleading standard set forth in *Ashcroft.*

Recently, the First Circuit Court of Appeals had the opportunity to discuss in detail, the current pleading standard, post Twombly/Iqbal.  In the matter of *Carmen Ocasio Hernández, et al., v., Luis Fortuño-Burset, et al.,___ F3d ___ (1st Cir. 2011)*, the court reasoned that; "[...], in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See *Twombly, 550 U.S. at 555 (citation omitted); see also Iqbal, 129 S. Ct. at 1950.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).*  In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim.

In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer "'legal conclusion[s] couched as . . . fact[]'" or "[t]hreadbare recitals of the elements of a cause of action." Id. at 1949-50 (*quoting Twombly, 550 U.S. at 555*).  A plaintiff is not entitled to "proceed perforce" by virtue of allegations that merely parrot the elements of the cause of action. See *id. at 1950; cf. Sanchez v. Pereira- Castillo, 590 F.3d 31, 49 (1st Cir. 2009)* (disregarding as conclusory, under Iqbal's first prong, a factual allegation that merely "[p]arrot[ed] our standard for supervisory liability in the context of Section 1983" in

alleging that defendants had "failed to [supervise] with deliberate indifference and/or reckless disregard of Plaintiff's federally protected rights"). Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible. *Iqbal, 129 S. Ct. at 1951* ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). But cf. *Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)* ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual.") (internal quotation marks omitted). If that factual content, so taken, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. *Iqbal, 129 S. Ct. at 1949*. "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda-Villarini v. Dep't of Educ. Of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)*.

As we will explain further on in this motion, the plaintiff's Section 1983 claims, her Fourth Amendment illegal search and seizure, Fourteenth Amendment Due Process claims, her Eighth Amendment Cruel and Unusual Punishment, her claims for alleged excessive use of force should be dismissed. We will discuss each in turn.

**Failure to state a cause of action under 42 USC sec. 1983**

The substantive cause of action to claim damages and injunctive relief against

individuals and governmental bodies who deprive a plaintiff of rights, privileges or immunities "secured by the Constitution and laws" arises from section 1983.[1]   It is established that to state a cognizable claim under section 1983 plaintiff has the burden of satisfying the two following elements:  (1) That defendants acted under color of state law, *Gómez v. Toledo, 446 U.S. 635 (1980)*; and (2) that defendants' alleged conduct denied plaintiff of his/her constitutional rights, privileges, or immunities, *Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, at 32 (1st Cir. 1996).*    At all times, plaintiff must affirmatively show that there is a causal link between defendants' alleged conduct and the alleged deprivation of her federally protected rights. *See Marrero-Gutierrez v. Molina, F.3d, 2007 WL 1765550 (1st Cir. 2007); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, at 559 (1st Cir. 1989); Pinto v. Jiménez Nettleship, 737 F.2d 130 (1st Cir. 1984).*

The First Circuit held that only acts committed by state officers that reflect a reckless and/or callous indifference towards that person's rights are considered as violating constitutional rights. *Landol-Rivera v. Cruz Cosme, 906 F.2d 791 (1st Cir. 1990); Germany v. Vance, 868 F.2d 9, 18 (1st Cir. 1989).*

> *"Historically, this guarantee of the process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." Daniels, 474 U.S. at 331.*

---

[1] Section 1983 of Title 42 of the United States Code, reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States of other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

> *"Far from an abuse of power, lack of due care suggests no more that a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such a contact is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries old principle of due process of law." Daniels, 474 U.S. at 332.*

The Supreme Court has also made clear that, by "deliberate indifference", it means more than ordinary negligence, and probably more than gross negligence." *Daniels, 474 U.S. at 328; City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed. 2d 412 (1989); Manarite v. City of Springfield, 957 F.2d 953, 956 (1st Cir. 1992). Mere negligence, however, is insufficient to establish a due process violation. Landol, 906 F.2d at 797.*

In *De Rosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991)*, for example, the Circuit Court stated that deliberate indifference requires "the complainant [to] prove that the defendants had a culpable state of mind and intended wantonly to inflict pain...(citations omitted).

In order to state a valid claim under *42 U.S.C. § 1983*, three elements must be alleged before it becomes cognizable. A §1983 plaintiff must allege and prove the following elements:

(1) that the conduct complained of was committed by a person acting "under color of state law." *See Gómez v. Toledo, 446 U.S. 635, 640 (1980)*;

(2) that this conduct "deprived plaintiff[s'] of rights, privileges or immunities secured by the Constitution or laws of the United States." *See e.g., Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527, 535 (1981); overruled in part on other grounds;*

*Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Voutour v. Vitale, 761 F. 2d 812, 819 (1st Cir. 1985);* and

(3) that defendant was personally and directly involved in causing the violation of the plaintiff[s'] federally protected rights. This third element requires a showing of a causal connection between the specific defendant and plaintiff[s'] federal rights deprivation. *See Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986); Coon v. Ledbetter, 780 F.2d 1158, 1161 (5th Cir. 1986).* The defendant's own intentional actions must have deprived the plaintiff of his/her protected rights. *Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 n. 58 (1978); Figueroa v. Aponte-Roque, 864 F.2d 182, 185 (1st Cir. 1986); Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986).* Each defendant individually responds for his own acts and omissions in the light of his own duties. *See Rizzo v. Goode, 423 U.S. 362, 370, 96 S.Ct. 598, 46 L.Ed. 2d 561 (1976); Monell, 436 U.S. at 694, n. 58.*

"For years, courts in this circuit [had] required plaintiffs to satisfy a heightened pleading standard in civil rights actions." *Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 62 (1st Cir. 2004).* However, in *Hernández, supra,* the Court of Appeals for the First Circuit recognized that the Supreme Court's decision in *Swierkiewicz v. Sorema N. A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002),* "sounded the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result." *Hernández, 367 F.3d at 66.*

To prevail in a § 1983 claim, plaintiffs "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." *Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir.1996)* (citations omitted).   This second prong has two aspects: (1) there must have been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been a causal connection between the defendants' conduct and the deprivation of the plaintiff's federal rights. *Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Voutour, 761 F.2d at 819.* In turn, this second element of causal connection requires that the plaintiff establish: (1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell, 436 U.S. at 694 n. 58; Gutiérrez-Rodríguez, 882 F.2d at 562; Figueroa, 864 F.2d at 953;* and 2) that the defendants' conduct was intentional, *Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986)*, grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *Gutiérrez-Rodríguez, 882 F.2d at 562*.

As an additional corollary, only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable. *Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir.1994)* (finding that there is no § 1983 liability on the basis of respondeat superior, and thus, "[a] supervisor may be found liable only on the basis of his own acts or omissions"); *Wilson, 801 F.2d at 322* (finding, in a § 1983 action against police

officers, that "[l]iability may be found only if there is personal involvement of the officer being sued").

A cursory view of the complaint shows that, with regards to defendants John Roman Schnur, and José Pérez Falcón, the plaintiff has failed to allege in specific terms, what were said defendant's actions and what protected rights were deprived by those defendants' actions.   With regards to co-defendant Migdalia Santiago Torres, the plaintiff merely describes an event where she and her daughter were allegedly detained by said co-defendant, yet does not afford the Court factual allegations regarding said co-defendant's 'reckless and/or callous indifference towards the plaintiffs' rights' as this type of act on the part of the defendant is what is considered as 'a violation of constitutional rights'.   The complaint is lacking of factual allegations pointing towards the "deliberate indifference" standard mandated by current precedent.

In other words, the complaint is devoid of factual allegations involving these specific defendants in acts that supposedly deprived the plaintiff of certain vested rights. Additionally, there are also no factual allegations that the defendants' conduct was intentional, or grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights.

The complaint merely makes reference to the "Román-Fontán household" and/or "several members of the Román-Fontán household", without making specific reference or factual allegations of acts committed by agent Román, under color of law, which deprived plaintiffs of their constitutional rights.   Furthermore, agent Pérez Falcón is not even

mentioned as committing any specific acts of a wrongful nature against the plaintiffs, much less under color of law.

The complaint also reference several alleged complaints that were filed by the plaintiff with the Bayamón Sur Police Precinct, and also mentions several agents that alleged took the complaints.  Notwithstanding, the plaintiff fails to assert what was the action taken by the appearing defendants, under color of law, that was so egregious in nature, as to shock the conscience, and which violated the plaintiff's constitutionally protected rights.  The plaintiff does not even impute wrongdoing on the part of the other mentioned agents.  The plaintiff's allegations are no more than informative in nature, falling short of the mandatory pleading standard; same are nothing more than 'formulaic recitation of the elements' of a constitutional violation claim, and as such the "allegations are conclusory and not entitled to be assumed true.

**Failure to State a Cognizable Fourth Amendment Illegal Search and Seizure Claim**

The Fourth Amendment provides the explicit source of Plaintiffs' protection from unreasonable search and seizure.

> *The Fourth Amendment of the United States Constitution states that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall be issue, but upon probable cause, [...]."*

Nowhere does it stem, from the four corners of the complaint, that the plaintiff was subject to an unreasonable search or seizure by the defendant.  Again the plaintiff makes bald or naked assertions of an alleged detainment made by the co-defendant Migdalia

Santiago Torres, but does not allege that said detainment was unreasonable or in any other way reckless or indifferent.

Additionally, the plaintiff does not allege in what manner the other defendants were personally or directly involved in this incident, yet she insists on imputing this alleged violation on all defendants. The complaint does not even establish agents Román's and Pérez' involvement in any illegal search and/or seizure of any of the plaintiffs, as well as their involvement, if any, in the alleged detainment of the plaintiffs during the hearing on the criminal complaint filed by Ms. Medero.

Therefore, any claims to that effect, should be dismissed.

**Failure to state a claim under the Fifth Amendment**

The due process clause of the fifth amendment of the United States Constitution provides that: "no person shall…be deprived of life, liberty, or property, without due process of law…"

The Federal Supreme Court has held that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Public Utilities Commission v. Pollack, 343 U.S. 451 (1952); Genera v. Puerto Rico Legal Services, Inc., 697 F.2d. 447, 449 (1st Cir. 1983)*. In the instant complaint, Plaintiff alleged that their due process right under the Fifth Amendment was violated by Defendants. However, the Fifth Amendment is inapplicable to the appearing Defendants in the instant case because

from the facts stated in the complaint is against the Commonwealth of Puerto Rico and Commonwealth employees. No federal employee was involved in the alleged facts according to the complaint. Thereby, all fifth amendment claims should be dismissed with prejudice.

**Failure to State a Fourteenth Amendment Claim for Due Process Violation**

The Due Process Clause of the Fourteenth Amendment has two components: procedural due process and substantive due process. *García v. City of Albuquerque,* 232 F.3d 760, 769-73 (10th Cir. 2000)(court rejected plaintiff's procedural and substantive due process claims). While procedural due process ensures that citizens have procedural safeguards prior to deprivation of rights, substantive due process limits the impingement of certain fundamental rights regardless of process. *Thomas v. Cohen,* 304 F.3d 563, 578 (6th Cir. 2002). Procedural due process ensures that a state will not deprive a person of life, liberty, or property unless fair procedures are used in making that decision, while substantive due process guarantees that a state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures used in making the decision. *Hennigh v. City of Shawnee,* 155 F.3d 1249, 1253 (10th Cir. 1998).

In viewing a procedural due process claim, the court conducts a two-part inquiry: (1) whether the defendants deprived the plaintiff of a constitutionally protected liberty or property interest; and (2) if so, whether that deprivation occurred without due process of law. *Williams*

*v. Seniff,* 342 F.3d 774, 786-87 (7th Cir. 2003). *See also, Mitchell v. Frankhauser,* 375 F.3d 477, 480 (6th Cir. 2004)(noting that the two step process is (1) whether the plaintiff has a property interest entitled to due process protection; and (2) what process is due).

While the right to due process is established by the Constitution, and the deprivation of said right is made actionable by § 1983, property interests are created by the state.  A plaintiff can be said to have sufficiently pled a due process violation when he or she "alleges first that [he or she] had a property interest as defined by state law, second, that the defendants, acting under color of state law, deprived [him or her] of that property interest without constitutionally adequate process." *SFW Arecibo, Ltd. V. Rodríguez,* 415 F.3d 135, 139 (1st Cir.). *cert. denied*, 126 S.Ct. 829 (2005)(quoting *PFZ Properties, Inc. v. Rodríguez,* 928 F.2d 28, 30 (1st Cir. 1991)). Puerto Rico creates a property interest in continued career employment. *Soto González v. Rey Hernández,* 310 F.Supp. 1169, 1173 (1st Cir. 1988)).

To establish a procedural due process violation, a plaintiff must identify a protected liberty or protected interest, *Redondo-Borges v. U.S. Dep't of Housing & Urban Dev.,* 423 F.3d 1, 7 (1st Cir. 2005), and allege "that the defendants, acting under color of state law, deprived [them] of that ...interest without constitutionally adequate process." *Maymi*, 515 F.3d at 29 (citing *Marrero-Gutiérrez v. Molina,* 491 F.3d 1, 8 (1st Cir. 2007); *Aponte –Torres v. U.P.R.,* 445 F.3d 50 (1st Cir. 2006); *PFZ Props., Inc.,* 928 F.2d at 30.

Returning to the plaintiff's complaint we will assume, for the sake of argument, that the plaintiffs' due process claims are in reference to her alleged detention by co-defendant Migdalia Santiago Torres.   Said assumption is based on the fact that, in our view, the plaintiffs make no other allegations of an alleged deprivation of a constitutionally protected liberty or property interest.

Again, with regards to agents Román and Pérez, the complaint fails to factually allege the manner in which said co-defendants were personally involved in the plaintiffs' detainment and arrest.  The complaint does not even allege there physical presence at the scene of the alleged incident.  As such, they cannot be held accountable for this supposed deprivation of liberty, absent due process, if they cannot even placed at the scene, not are there any allegations as to any conduct on their behalf which led to the plaintiffs' detainment.  Accordingly, all Fourteenth Amendment Claims filed against co-defendants Román and Pérez should be dismissed.

With regards to co-defendant Migdalia Santiago Torres, the complaint references bald assertions as to a detainment, but fails to include factual allegations as to the process that was due the plaintiff, and in what manner the co-defendant recklessly, negligently or with callous indifference denied the plaintiff of that due process. *Mitchell v. Frankhauser, supra*, (noting that the two step process is (1) whether the plaintiff has a [liberty or] property interest entitled to due process protection; and (2) what process is due).  The absence of factual allegations as to these elements force the court to resort to guess-work

or conjecture as to plausibility of these claims, thus leaving only one viable out-come, and that is the dismissal of said claims.

With regards to other incidents that allegedly involved the defendants, the plaintiffs simply allege acts of vandalism, harassment and general animosity among the Medero-Zayas household, and the Román-Fontán household, with out specifying the acts perpetrated by either agents Román or Pérez, incurred under color of law, that led to a deprivation of the plaintiffs' rights, thus being in violation of the US Constitution.

The plaintiffs' allegations that here insistent complaints were either dismissed without attention or ignored, do not even mention agents Román or Pérez, therefore same cannot be considered to impute any wrongdoing on their part.  Accordingly, all Fourteenth Amendment claims for alleged due process violation should be dismissed, with prejudice.

**Failure to state a plausible Eighth Amendment Cruel and Unusual Punishment Claim**,

The Eighth Amendment protects prisoners against cruel and unusual punishment of prisoners. *Farmer v. Brennan, 511 U.S. 825 (1994)*.  The Supreme Court has established a standard of "deliberate indifference" for assessing whether a constitutional claim is asserted that prison officials have a sufficiently culpable state of mind in tolerating threats to inmate health or safety. *Id. at 834*.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force

against prisoners. *Farmer v. Brennan, 511 U.S. 825 (1994)* See *Hudson v. McMillian, 503 U.S. 1 (1992)*. The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer, 468 U.S. 517, (1984)*. See *Helling v. McKinney 509 U.S. 25, 125 L. Ed. 2d 22, 113 S. Ct. 2475 (1993)*; *Washington v. Harper*, 494 U.S. 210, 225, 108 L. Ed. 2d 178, 110 S. Ct. 1028 (1990); *Estelle v. Gamble, 429 U.S. 97 (1976)* Cf., *DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189 (1989)*.

The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman, 452 U.S. 337, 349 (1981),* but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling, supra at 31.*

It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson, supra*, at 298; see also *Hudson v. McMillian, supra*, at 5; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes, supra, at 347.* For a claim based on a failure to prevent harm, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. See *Helling, supra, at 35*.

The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid.*; see also *id.*, at 302-303; *Hudson v. McMillian, supra, at 8*.   In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety, *Wilson, supra, 501 U.S. at 302-303; see also Helling, supra, 509 U.S. at 34-35; Hudson v. McMillian, supra, at 5; Estelle, supra, at 106*.

Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violence at the hands of other prisoners. *Leonardo v. Moran,* 611 F.2d 397, 398-99 (1st Cir. 1979).  However, not every injury suffered by one prisoner at the hands or another translates into constitutional liability for prison officials responsible for the victim's safety. *South Caroling Dept. Of Corrections, 349 F.3d. 765, 770 (4th Cir. 2003)*. When prison officials intentionally place prisoners in dangerous surrounding or when they are deliberately indifferent to prisoners' health or safety, they violate the Constitution. *Alvarez Kerkado. V. Otero de Ramos, 693 F. Supp. 1366, 1371 (D. Puerto Rico 1088)*.

To establish a claim under §1983 for to protect from violence, an inmate must show: (1) serious or significant physical or emotional injury, and (2) that the prison officials had a

sufficiently culpable state of mind. *Burks v. Pate, 119 Fed. Appx 447, 449-50 (4th Cir. 2005)*.

The plaintiffs' complaint is a far cry from anything near a valid Eighth Amendment Cruel and Unusual Punishment claim.  The plaintiff, Homayra Medero, makes a claim of alleged imprisonment for a span of approximately nine (9) days, but based on the above cited case law, mere incarceration is not nearly enough to establish a valid Eighth Amendment claim.

In addition, Ms. Medero makes no allegations of either a) excessive physical force against her by any prison official while she was in the Puerto Rico prison system.  In our view, any alleged force used by co-defendant Santiago Torres, in order to detain her, does not constitute cruel and unusual punishment for the purpose of the Eighth Amendment.  At the time of her detainment, Ms. Medero was merely being detained, and was not yet arrested, and certainly not part of the prison population at that time.  In short she was not under the custody of the Puerto Rico Department of Corrections, in order for the Eighth Amendment protection to operate. And b), the complaint fails to allege that any prison official failed in his or her duty to provide humane conditions of confinement; or to ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates.

Based on the above, any claim based on alleged Eighth Amendment violation is, at the very least, a stretch and should be dismissed with prejudice.

**Failure to state a plausible claim for alleged excessive use of force.**

Excessive force claims are analyzed under the Fourth Amendment's protection against unreasonable seizures, and the plaintiff must demonstrate that the defendant's actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation. *Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989); Bastien v. Goddard, 279 F.3d 10 (1st Cir. 2002); Alexis v. McDonald's Restaurants, 67 F.3d 341, 352 (1st Cir. 1995).*

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. *Graham v. Connor, supra, at 396-397.* The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id.*

The *Graham* Court established a balancing test for determining whether a particular exercise of force is constitutional. Accordingly, the nature and quality of the intrusion on the individual's Fourth Amendment interests must be carefully balanced against the countervailing governmental interests at stake. Courts conducting this balancing exercise must give careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to

evade arrest by flight. *Jarrett v. Town of Yarmouth, 331 F.3d 140 (1st Cir. 2003)*.

"'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates [the Constitution]." *Bibbo v. Mulhern, 621 F. Supp. at 1024, citing Johnson v. Glick, 481 F. 2d 1028, 1033, cert. Denied sub. nom., John v. Johnson, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973),* among others. In other words, not "every instance of use of unreasonable force in effecting an arrest constitutes a violation of the Fourth Amendment." *Bibbo v. Mulhern, 621 F. Supp. at 1024, citing City of Oklahoma City v. Tuttle, 471 U. S. 808, 105 S. Ct. 2427, 2433 n. 4, 85 L. Ed. 2d 791.*

In the above captioned case the plaintiffs failed to state a claim of excessive force against Defendants Román, Pérez or Santiago. There is no factual allegation that the appearing defendants incurred in such acts that constitutes the use of excessive force.  The plaintiff merely alleges that she was assaulted by co-defendant Santiago-Torres, during the course of her detainment, which if true, in our view is insufficient to reach the standard necessary for a plausible excessive force claim.  In addition, plaintiffs failed to state that the appearing defendants ordered or allowed the use of excessive force against the plaintiffs. Therefore, since there is no factual allegation against the appearing defendants to construe an excessive force claim, such claim should be dismissed with prejudice against the appearing defendants.

**The Complaint is Time Barred.**

Plaintiffs plead several causes of actions against the defendants. The Complaint in

this case was filed on February 24th, 2011, therefore all claims under the Fourth Amendment, Fifth, Eighth and Fourteenth Amendment and all of Plaintiffs' section 1983 claims stemming from the alleged illegal searches and seizures and excessive use of force are time barred. Plaintiffs' claims began to accrue at the time of the injury or wrongful act.

According to the complaint, all actions which allegedly led to the supposed constitutional violations, and thereby the ensuing damages, occurred between the years 2008 and 2009, the last of which, according to the complaint happened in September of 2009. The claims against them were not tolled in time by any action judicial or otherwise or towards any of the herein appearing co-defendants in this case. Plaintiffs had one year to sue the appearing codefendants for personal injuries caused by the alleged co defendants' failure; the year expired on September 15th, 2010. *See Salamanca v. American Airlines, Inc., 920 F.Supp. 24, 26 (D.P.R. 1996); Conde v. Beltran Pena, 793 F.Supp. 33, 35-36 (D.P.R. 1992).*

The Court must first determine the applicable statute of limitations for Plaintiffs' section 1983 claim. The Supreme Court has stated that even though actions under section 1983 are a matter of federal law, the length of the statute of limitations period, and closely related questions, are governed by state law. *See Wilson v. Garcia, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985).* More specifically, the personal injury statute of limitations of the forum state governs section 1983 cases. *See Owens v. Okure, 488 U.S. 235, 236, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989).* Thus, this Court defers to the one year statute of

limitations period for physical or emotional injuries under Puerto Rico law. *See P.R. Laws Ann. tit. 31 § 5298(2)*; *Chardon v. Fernandez, 454 U.S. 6, 7, 70 L. Ed. 2d 6, 102 S. Ct. 28 (1981)* (holding that claims under section 1983 were barred by the applicable one-year statute of limitations).

Although the personal injury statute of limitations of the forum state governs in section 1983 actions, the date of accrual is determined based on federal law. *See Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir 1994).*  The limitations period in "a [section] 1983 case ordinarily starts when the plaintiff knows, or has reason to know of the harm on which the action is based." *See 959 F.2d 349, 353; Muniz-Cabrero, 23 F.3d at 610.*

Plaintiffs also seek damages for the aforementioned facts under Puerto Rico's general tort liability statute. *See P.R. Laws Ann. tit 31 § 5141.* As stated above, general tort claims have a one year statute of limitations period. *See P.R. Laws Ann. tit. 31 § 5298(2).* Although the Puerto Rico Supreme Court has not ruled squarely on the continuing violation theory, scholarship on Puerto Rico law has addressed the issue. The local equivalent to the continuing violation theory as manifested in the case at issue is the "successive damages theory." Successive damages are a sequence of acts which result in damages that are manifested and recognized by the affected party at different times. See II, HERMINIO M. BRAU DEL TORO, LOS DANOS Y PERJUICIOS EXTRACONTRACTUALES EN PUERTO RICO, 643 (Luiggi Abraham ed., 1986). The main difference between the Federal Continuing Law Theory and the Local Successive Damage Theory relates to the accrual date. The statute of

limitations' clock for each of the actionable events begins to run when the creditor learns of the particular damage. *See, Sanchez v. Autoridad de Energia Electrica, 97 JTS 45, at p. 868* (dissenting opinion by Hernandez Denton, J. whose explanation of the successive damages theory is not at odds with the Court's holding.).

It is well-settled that civil rights claims, including § 1983 claims, borrow the forum state's statute of limitations period. *Feliciano v. Puerto Rico, 688 F. Supp. 2d 41 (2009). See also Moran Vega v. Cruz Burgos, 537 F.3d 14, 21 (1st Cir. 2008)*; *see also Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009).* Thus, the appropriate limitations period for § 1983 claims brought in Puerto Rico is the one year period which governs tort actions under Articles 1802 and 1803 of the Puerto Rico Civil Code. *Sanjurjo Santiago v. Metro. Bus Auth., No. 09-1268, 2009 U.S. Dist. LEXIS 57495, 2009 WL 1935848 at *4 (D.P.R. June 30, 2009); see also Rodriguez Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004).*

The date of accrual, however, is a question governed by federal law. *Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 (1st Cir. 1995); see also Garcia Rodriguez v. LaBoy, 598 F.Supp.2d 186, 193 (D.P.R. 2008)(citing Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997)).* Thus, "[t]he one-year statute of limitations begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury." *LaBoy, 598 F.Supp.2d at 193* (internal quotation omitted)(quoting Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998)). Knowledge of injury is

imputed to the plaintiff when he has notice of both the injury itself and who caused it. *Torres v. E.I. Dupont, 219 F.3d 13, 18 (1st Cir. 2000)*.

Article 1873 of the Civil Code provides three ways by which the prescriptive period may be interrupted to toll the statute of limitations. *Tokyo Marine and Fire Ins. Co. v. Perez & CIA de Puerto Rico, Inc., 142 F.3d 1, 4 (1st Cir. 1998)*. This may be accomplished (1) "by the institution of an action [4] before the courts[;]" (2) "by extrajudicial claim of the creditor[;] and" (3) "by any act of acknowledgment of the debt by the debtor." Id. (quoting Civil Code of Puerto Rico, *31 L.P.R.A. § 5303)*(internal quotation omitted).

**Plaintiff Lacks Standing to Sue under 42 U.S.C. 1983**

The claims being brought by plaintiff Freddie José Zayas, under 42 U.S.C. 1983, are baseless since said plaintiff cannot ground his claims on the alleged violation of the co – plaintiff Homayra Medero.

It is well established that a §1983 cause of action is given to any citizen of the United States or other person within the jurisdiction "who has suffered the deprivation of constitutional or certain federal statutory rights by virtue of the conduct of state officials". *Anaya Serbia v. Lausell, 646 F.Supp. 1236, 1244 (D.P.R. 1986) (Citing Gómez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed. 2d 572 (1980))*. Section 1983 imposes liability for conduct that subjects, or causes to be Civ. 1984); subjected, the complaint to the depravation of the Constitution and laws of the United States. *Parratt, 451 U.S. at 534;*

*Rizzo, 423 U.S. at 370 -371.* One person may not sue, nor recover damages, for the depravation of another person's civil rights. *O'Malley v. Brierly, 477 F.2d 785, 789 (3rd Cir. 1973); Jenkins v. Carruth, 583 F.Supp. 613 (E.D. Tenn. 1982), aff'd, 734 F.2d 14 (6th Quiles ExRel Project Head Start, Municipality of Utuado v. Hernández – Colón, 682 F.Supp 127, 129 (D.P.R. 1988); Casañas v. de León, 633 F.Supp. 22, 23 (D.P.R. 1986).* A §1983 civil rights action is a personal suit; it does not accrue to a relative. *Dohaish v. Tooley, 670 F.2d. 934, 936 (10t[th] Cir. 1982) cert.denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed. 2d 63 (1982).* Claims brought pursuant to 42 U.S.C. §1983 are personal actions cognizable by the party whose civil rights are violated. *Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984).* Family members do not have an independent claim under section §1983 unless the constitutionality defective conduct or omission was directed at the family relationship. *Torres v. United States, 24 F. Supp. 2d 181, 183 (D.P.R. 1998) (Citing Brown v. Ives, 129 F.3d 209, 211 (1st Cir. 1997); Robles Vázquez v. García, 110 F.3d 204, 206 no. 4 (1st Cir.1997)).*

It is a well established norm that in order for a plaintiff to pursue a damages claim, the plaintiff must have standing. *Valley Forge Christian College v. Americans United for Separation of Church and State Inc., 454 U.S. 464, 471 – 476 (1982).* The Courts have reiterated the concept that for siblings and relatives to pursue a section 1983 claim the action or depravation committed by the state must be one that is directly aimed the

relationship between parent and child.  If the alleged deprivation is intended to affect such relationships and relatives, then it is actionable; but the fact that relatives may be incidentally affected by events upon which the suit is based, does not give enough legal basis as to give them standing to pursue the claim. *Valdivieso Ortíz v. Burgos, 807 F.2d 6, 8 (1st Cir. 1986); Guzmán Rosa v. de Alba, 671 F.Supp. 882 (D.P.R. 1987); reaffirming the same issue Jones v. State of Rhode Island, 724 F.Supp. 25 (D.R.I. 1989); Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984); Trujillo v. Board of County Commissioner of the County of Santa Fe, 768 F.2d. 1186 (10th Cir.1985); De la Cruz La Chapel v. Chevere Ortíz, 637 F.Supp. 43 (D.P.R. 1986).*

In the instant case, to the extent that Plaintiff Freddie José Zayas seeks compensation for the harm suffered as a result of defendants' acts that were allegedly directed at co – plaintiff Homayra Medero, the claim should be dismissed for lack of standing since family members cannot rest a section 1983 claim on the violation of a kin's civil rights. *Buenrostro v. Collazo, 777 F.Supp. 128, 134 (D.P.R. 1991). See Arroyo v. Plá, 748 F.Supp.56 (D.P.R. 1990).* Furthermore, from the events narrated in the complaint, it appears that Plaintiff Freddie José Zayas was not present at the time the alleged acts occurred, and didn't suffer harm or a constitutional right violation. Consequently, given that said plaintiff was not present at the time the alleged acts occurred and that plaintiff has failed to demonstrate any act on the part of the appearing defendants that was directed at

her, we can conclude that Plaintiff is resting his Section 1983 claim on the alleged civil rights violation of his wife.

The United States Supreme Court has established repeatedly that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties. *Warth v. Seldin, 422 U.S., at 499 (1975); see also Valley Forge Christian College*, *supra*. In order for a plaintiff to litigate third parties rights, certain prudential requisites must meet. In the absence of these requisites, a plaintiff cannot vindicate the constitutional rights of some third party, *Singleton v. Wulff, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed. 2d. 826 (1976)*, given that the third parties themselves usually will be the best proponents of their own rights. Id. Therefore, federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. Id.

By the same vein, all actions instilled on behalf of the Conjugal Partnership between Medero and Zayas should also be dismissed.

## Plaintiffs Supplemental Jurisdiction Claims and Any Pendant Claims Should be Dismissed

In the instant case, Plaintiffs allege violation under Article 1802 and 1803 of the Civil Code of Puerto Rico. Since Plaintiffs have failed to allege any cause of action under federal law, and since it has been asserted that plaintiffs lack standing to bring any federal claims against the appearing defendants, the claims brought under supplemental jurisdiction should also be dismissed.

The assertion of supplemental jurisdiction over state law claims is within a federal court's discretion. *United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d. 218 (1966).* When supplemental jurisdiction is founded solely upon federal question and federal claim is dismissed, district court is free to dismiss remaining state claims without prejudice to renew them in state court. *Keystone Builders, Inc. v. Floor Fashions of Virginia, Inc., 829 F.Supp. 181 (W.D. Va. 1993). See also Dibbs v. Gonsalves, 921 F.Supp. 44, 51 (D.P.R. 1996).* Pretrial termination of federal -law claims forces dismissal of pendent state -law claims in the absence of any other cognizable basis for federal jurisdiction. *Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1175 (1st Cir. 1995).* In deciding whether or not to retain jurisdiction on state – law claims after dismissal of all claims over which the trial court has original jurisdiction, the trial court must take into consideration concerns of comity, judicial economy, convenience and fairness. *Id.*

In the case at bar, the absence of any constitutional violation on the part of any of the appearing defendants and since there is no valid federal claims, this Honorable Court should not assume supplemental jurisdiction and should dismiss the pendent state – law claims without prejudice pursuant to *28 U.S.C. sec. 1367 (c) (3).*

Based on the discussion included herein, the appearing defendant requests the dismissal, with prejudice, of all claims.

**WHEREFORE**, it is respectfully requested that this Honorable Court GRANT the appearing defendant's Motion to Dismiss the claims discussed herein, and thereby dismiss

said claims, with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the CM/ECF system which will send notification of such filing to all counsel who have filed appearances in this case.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 13th day of June 2011.

**MAYMI, RIVERA & ROTGER, P.S.C.**
Doral Bank Plaza Suite 301
Calle Resolución #33
San Juan, PR 00920

PO Box 11897
San Juan, Puerto Rico 00922
Tel: (787) 474-0070
Fax: (787) 474-0071

/s/**Miguel A. Rangel Rosas**
USDC NO.: 218601
mrangel@maymirivera.com

685.903