IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HOMAYRA MEDERO DIAZ, *et al.*,

    **Plaintiffs**,

        **v.**

JOHN ROMAN, *et al.*,

    **Defendants**.

CIVIL NO. 11-1211 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge

    Before the Court is defendants' motion to dismiss, (Docket No. 14). Having considered the arguments contained in that motion and plaintiffs' opposition, (Docket No. 15), the Court **GRANTS** the motion to dismiss, (Docket No. 14.)

**DISCUSSION**

**I.  Background**

    **A.  Procedural Background**

    On February 24, 2011, plaintiffs Homayra Medero ("Medero"), Freddie Jose Zayas ("Zayas"), and their conjugal partnership filed a complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as article 1802 of the Puerto Rico Civil Code ("article 1802"), P.R. Laws Ann. tit. 31, § 5141. (Docket No. 1.) Plaintiffs bring these claims against defendants John Roman ("Roman"), Jose Figueroa-Sancha ("Figueroa"), Migdalia

Civil No. 11-1211 (FAB)                                                2
_____

Santiago-Torres ("Santiago"), and Jose Perez-Falcon ("Perez"). See Docket Nos. 1, 5, & 6.[1]

On June 13, 2011, defendants Roman, Santiago, and Perez filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 14.) Defendants argue: (1) that plaintiffs have failed to state a claim under 42 U.S.C. § 1983 ("section 1983"); (2) that the factual allegations in the complaint fail to establish the asserted violations of plaintiffs' constitutional rights; (3) that Zayas lacks standing to assert section 1983 claims; and (4) that the claims in the complaint are barred by the relevant statute of limitations. (Docket No. 14.) On June 30, 2011, plaintiffs filed a response, arguing: (1) that the complaint alleges constitutional violations sufficient to state a claim pursuant to section 1983; and (2) that their claims are not time-barred as a result of the "continuing violation" doctrine.

---

[1] The complaint names other individuals as defendants, including Puerto Rico Police Department officers whose first names are unknown, and completely anonymous defendants. (See Docket No. 1.) There is no indication on the docket, however, that plaintiffs have served process on any of the defendants other than those listed in the body of the opinion. In light of the fact that well over 120 days had passed since the filing of the complaint, the Court ordered plaintiffs to show cause why the claims against defendants who have not yet been served should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). (Docket No. 18.) Although plaintiffs filed a response to that order, (Docket No. 20), the Court's conclusion below that all federal claims in the complaint are time-barred obviates detailed analysis of whether plaintiffs have established good cause to avoid dismissal without prejudice pursuant to Rule 4(m).

Civil No. 11-1211 (FAB)                                                3

(Docket No. 15.)  On July 8, 2011, Roman, Santiago, and Perez filed a reply.  (Docket No. 19.)

### B.   Factual Allegations in the Complaint

Medero and Zayas are married and parents of five minor children, identified in the complaint by the initials FJZA, YMNM, SMZM, JAZM, and JZM.  (Docket No. 1 at ¶¶ 9-10.)  At the time of the events described in the complaint, defendants were officers of the Puerto Rico Police Department ("PRPD") assigned to the Bayamon Area.  Id. at ¶ 11.

On or around September, 2008, Medero became aware that her daughter, SMZM, had come into contact with internet addresses which hosted sexually explicit content.  Id. at ¶ 17.  Upon further investigation, Medero determined that the source of the objectionable material was another minor, identified in the complaint by the initials KF, who is the stepdaughter of defendant Roman.  Medero spoke with Roman regarding their children's behavior at the PRPD station in Bayamon, to which Roman was assigned at the time.  Id. at ¶ 18.  As a result of bringing the issue to Roman's attention, Roman and other members of his family repeatedly victimized Medero and her family with hostility, ridicule, vandalism, and obscene and disparaging remarks.  Id. at ¶ 19.

In response to the alleged victimization, Medero filed a complaint at the Bayamon Sur PRPD station with officer Jennifer Vargas ("Vargas").  Id. at ¶ 20.  No further action was taken by

Civil No. 11-1211 (FAB)                                                4

Vargas, or any other officer at that station regarding Medero's complaint.  Id.  The Roman family's conduct continued despite Medero's complaint, and as a result, Medero filed a second complaint at the same police station with another PRPD officer.  Id. at ¶ 21.  No further action was taken by any officer regarding Medero's second complaint.  Id.  In response to that inaction and the continuing conduct of the Roman family, Medero filed a third complaint, in writing, to Lieutenant Santiago, a higher ranking officer of the PRPD.  Id. at ¶ 22.  At the time she filed that complaint, she requested a copy of the complaint from Lieutenant Santiago, but he refused to provide one.  Id.  No further action was taken by any officer regarding the third complaint.  Id.

Around January 15, 2009, another of plaintiffs' children, YMNM, received numerous insulting and threatening text messages on her cellular phone.  Id. at ¶ 23.  YMNM later determined that the messages had originated from LF's cellular phone; Lf is another member of the Roman family.  Id.  Medero then called the Bayamon Sur PRPD station and requested that a patrol car come to her house to take her complaint regarding the incident.  Id. at ¶ 24. Although Medero repeatedly called the station, no patrol car arrived at her house.  A patrol car did arrive, however, at Roman's house and took a complaint against YMNM.  Id.  After being questioned by Medero, the officer who arrived at Roman's house took

Civil No. 11-1211 (FAB)                                                     5

a cross-complaint against LF.  No PRPD officer took further action on that cross-complaint.  Id.

After observing that no action had been taken, Medero contacted Lieutenant Bernabe, a higher ranking PRPD officer, who reassigned the case to a different PRPD officer for investigation. Id. at ¶ 26.  Despite that reassignment, no further action was taken on Medero's complaint.  Id.  Medero continued to follow up diligently on the status of her complaints, but the Roman family's harassing conduct continued, escalating to threats of death and violence.  Id. at ¶ 27.  In response to the escalating severity of the conduct, Medero filed yet another complaint with an officer named Lopez.  Id. at ¶ 28.

On February 16, 2009, Medero sought and obtained a protective order against the Roman family in Commonwealth court. Id. at ¶ 29.  A hearing was held on July 22, 2009, during which Officer Cruz, who was supposed to appear as a witness against LF, recanted his prior statements and gave testimony which portrayed LF as the victim, and YMNM as the perpetrator.  Id.  As Medero and YMNM exited the courtroom to secure counsel, court marshal Migdalia Santiago-Torres, LF, and LF's mother, Ana Fontan, assaulted and physically restrained YMNM.  Id. at ¶ 30.  When Medero tried to free YMNM, both were handcuffed, placed under arrest, and sent to separate holding cells.  Id.  Migdalia Santiago-Torres then filed formal assault and criminal contempt charges against Medero, for

which she was incarcerated for nine days at a correctional facility.  Id.

On September 11, 2009, Officer Gonzalez, who was assigned to the Bayamon Norte PRPD station, served Medero, through her husband, with a summons to appear in court on September 15, 2009, to face the assault charges made by Migdalia Santiago-Torres.  Id. at ¶ 31.  The witness who appeared to testify against Medero was Officer Daisy Rosario, who was not present on the day the assault allegedly occurred.  Id.

## II. Legal Analysis

### A. Rule 12(b)(6) Standard

When considering a motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a "'court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . .'" Id. (quoting R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

When faced with a motion to dismiss, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Id. at 12 (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950

Civil No. 11-1211 (FAB)                                                7

(2009)).  Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible."  Id. (citing Iqbal, 129 S.Ct. at 1951). Where those factual allegations "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility.  Id. (citing Iqbal, 129 S.Ct. at 1949).

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Rule 12(b)(6)], provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'"  Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)).  "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate."  Id.

   B.   **Prescription of Federal Civil Rights Claims**[2]

Defendants argue that the claims alleged in the complaint are time-barred. (Docket No. 14 at 24-28.) They claim that "all actions which allegedly led to the supposed constitutional violations . . . occurred between the years 2008 and 2009, the last of which" fell on September 15, 2009. (Docket No. 14 at 25.) Factoring in the relevant statute of limitations for the claims alleged in this case, defendants state that plaintiffs' opportunity to bring those claims expired on September 15, 2010. See id. Given that the complaint was filed on February 24, 2011, defendants conclude that the claims alleged therein are untimely. See id.

"[I]t is well-established in this circuit – that the relevant statute of limitations for civil rights claims in Puerto Rico is one year." Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 69-70 (1st Cir. 2005); see also Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); Nieves v. McSweeney, 241 F.3d 46, 50-52 (1st Cir. 2001) (applying common prescription

---

[2] Roman, Santiago, and Perez also argue in their motion to dismiss that Zayas lacks standing to bring some of the section 1983 claims in this case. (Docket No. 14 at 28-31.) Having examined the complaint, it does appear that Zayas did not personally suffer some of the constitutional violations alleged in the complaint for him to be a proper plaintiff for claims based on those injuries. See Sanchez-Nuñez v. P.R. Elec. Power Auth., 509 F.Supp.2d 137, 151 (D.P.R. 2007); (Docket No. 1.) As discussed below, however, it appears that all of the section 1983 causes of action in the complaint are time-barred. Thus, the Court need not comb through all of the alleged constitutional violations and specifically identify the appropriate plaintiffs for each claim.

Civil No. 11-1211 (FAB)                                                9

standard to related claims under section 1983 and section 1985). Although federal civil rights claims borrow that statute of limitations from Puerto Rico law, "[i]t is federal law . . . which determines when the statute of limitations begins to run." Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008) (citing Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). "Section 1983 claims generally accrue 'when the plaintiff knows or has reason to know of the injury on which the action is based,' . . . and a plaintiff is deemed to know or have reason to know 'at the time of the act itself and *not at the point that the harmful consequences are felt*.'" Id. (quoting Marrero-Gutierrez, 491 F.3d at 5) (emphasis in original) (internal citations omitted). Therefore, the one-year statute of limitations for actions brought under section 1983 "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury". Gonzalez Garcia v. P.R. Elec. Power Auth., 214 F.Supp.2d 194, 200; Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998).

In response to defendants' argument regarding the statute of limitations, plaintiffs do not contest that the injuries which form the basis of their claims occurred well over a year prior to the filing of the complaint, but rather state that "[t]he actions and omissions complained of continue to this date, and therefore constitute continuing violations which are not time barred."

Civil No. 11-1211 (FAB)                                                10

(Docket No. 15 at 5.)  Plaintiffs' brief opposition rests on a misunderstanding of the "continuing violation" doctrine.  (See Docket No. 15 at 5.)  "Although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does *not* allow a plaintiff to avoid filing suit so long as some person continues to violate his rights."  Perez-Sanchez v. Public Building Auth., 531 F.3d 104, 107 (1st Cir. 2008) (emphasis in original).  Its purpose is rather "to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought.'"  Id. (quoting Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008)).

Although the complaint alleges a series of harassing acts, those allegations do not appear to merit application of the continuing violation doctrine.  Plaintiffs do not allege or argue that the conduct complained of was of such a nature that it had to accumulate over an extended period of time to form a cognizable constitutional violation.  (See Docket Nos. 1 & 15.)  That the injuries alleged in the complaint were clear to plaintiffs at the time they occurred is amply demonstrated by Medero's numerous complaints to the police regarding the alleged harassment.  (See Docket No. 1 at ¶¶ 17-31.)  Moreover, none of the actions alleged in the complaint occurred at a time that would serve to anchor any prior conduct within the appropriate limitations period for this case.  See id.  Simply arguing in their opposition that the

Civil No. 11-1211 (FAB)                                                11

"actions and omissions continue to this date," does not convert the alleged injuries into "continuing violations" and save plaintiffs' claims from the statute of limitations.  See Perez-Sanchez, 531 F.3d at 107; (Docket No. 15.)

Plaintiffs highlight no other circumstances that would justify tolling or resetting the limitations period once it began to run.  (See Docket No. 15.)  Neither is it apparent from the factual allegations in the complaint that any such action is appropriate.  Thus, it appears that the latest date on which the one-year statute of limitations applicable to plaintiffs' claims could have commenced was September 16, 2009, the day after the last alleged constitutional violation.[3]  See Gonzalez Garcia, 214 F.Supp.2d at 200.  Given that plaintiffs did not file the complaint until approximately seventeen months after that date, their federal civil rights claims are time-barred.

Although the motion to dismiss raising the statute of limitations defense was filed only on behalf of Roman, Santiago, and Perez, the Court finds that prescription applies to plaintiffs' federal claims against all defendants.  Courts in this district have dismissed time-barred claims on their own motion "where the

---

[3] The Court notes that there are several constitutional violations alleged in the complaint and that the occurrence of each discrete injury would have started its own respective prescriptive period. See Nieves, 241 F.3d at 52.  Given that the claim based on the latest of those alleged constitutional violation is precluded by the statute of limitations, it follows that any claim based on an earlier injury would likewise be time-barred.

Civil No. 11-1211 (FAB)                                                    12

Court estimates that the plaintiff may not prevail, even by amending the complaint." See Feliciano v. Commonwealth of Puerto Rico, 688 F.Supp.2d 41, 44 n.3 (D.P.R. 2009) (citing Garcia Rodriguez v. Laboy, 598 F.Supp.2d 186, 196 (D.P.R. 2008)). As framed in the motion to dismiss, the statute of limitations argument is not cabined to factual allegations pertaining to Roman, Santiago, or Perez, but rather addresses the time-barred nature of plaintiffs' complaint as a whole. Plaintiff had an opportunity to respond to that argument, but failed to demonstrate any circumstance or additional factual allegation that would preclude the clear application of the one-year prescriptive period applicable to section 1983 claims in Puerto Rico. Accordingly, plaintiffs' remaining section 1983 claims against all defendants are **DISMISSED WITH PREJUDICE.**

    **C.  Supplemental Claims**

Defendants also request that the Court dismiss plaintiffs' claims under article 1802 of the Puerto Rico Civil Code for lack of supplemental jurisdiction. (Docket No. 14 at 31.) Indeed, the jurisdictional basis to maintain those claims in this Court has been undermined by the dismissal of plaintiffs' federal claims. Accordingly, plaintiffs' article 1802 claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**III. CONCLUSION**

For the reasons described above, the motion to dismiss, (Docket No. 14), is **GRANTED**. The section 1983 claims alleged in the complaint are **DISMISSED WITH PREJUDICE**. Plaintiffs' supplemental claims under article 1802 are **DISMISSED WITHOUT PREJUDICE**.[4]

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 29, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE

---

[4] On July 26, 2011, the Court ordered Attorney William Melendez-Menendez, counsel for plaintiffs, to notify his clients that he has been suspended from the practice of law in this Court for a period of two years and cannot continue to represent them. (Docket No. 21.) The Court's order required Mr. Melendez-Menendez to advise plaintiffs of his suspension, as well as to provide them with a copy of the suspension order and the Magistrate Judge's Report and Recommendation, no later than August 1, 2011. Id. By the same deadline, Mr. Melendez-Menendez shall also notify plaintiffs of this Opinion and Order and advise them that, pursuant to Federal Rule of Civil Procedure 59(e), they will have twenty-eight days after the entry of judgment to file any motion for reconsideration, Fed.R.Civ.P. 59(e) or thirty days to file an appeal. Fed.R.App.P. 4(a)(1).